UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY McDONALD,

    Plaintiff,

v.

          Case No. 13-CV-12993-DT
          HONORABLE DENISE PAGE HOOD

GREEN TREE SERVICING, LLC, et al.,

    Defendants.

_____/

**ORDER GRANTING MOTION FOR TEMPORARY ORDER
AND
NOTICE OF HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

## I. BACKGROUND

On July 11, 2013, this matter was removed by Defendants from the Shiawassee County Circuit Court to this District. The Complaint alleges 12-counts involving the foreclosure of Pliantiff's home located on Oakland Street, Durand, Michigan. The matter was assigned to the Honorable Nancy G. Edmunds and reassigned to the undersigned on July 23, 2013, as a companion case to a previously filed Case No. 12-14456, *McDonald v. Green Tree Servicing, LLC.*, which was dismissed voluntarily by stipulation of the parties. (Doc. No. 6, Case No. 12-14456) When Plaintiff filed the action in State Court, the judge granted a temporary restraining order. This matter

was removed this District before a further hearing could be held in State Court. Plaintiff filed a Renewed Emergency Motion for a Temporary Restraining Order and Motion for Preliminary Injunction on July 12, 2013. The Court will address the Temporary Restraining Order request below and set the Motion for Preliminary Injunction for a hearing.

## II.   ANALYSIS

Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order as follows:

> Rule 65(b)  Temporary Restraining Order.
>
> (1)   *Issuing Without Notice*.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)   specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
>
> (B)   the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). A temporary restraining order expires 14 days after entry of the order granting the motion. Fed. R. Civ. P. 65(b)(2). Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b).

As to the certification requirement set forth in Rule 65(b)(1)(B), Defendants have notice of the instant motion, having removed the matter and having notice of the previously-filed Motion for Temporary Restraining Order before the State Court.

Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 (1969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08.

Regarding the irreparable injury requirement, it is well-settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512. Generally, because a piece of real property is unique, its loss has been considered irreparable injury. As the Seventh Circuit has noted, "[i]t is settled beyond the need for citation ... that a given piece of property is considered to be unique, and its loss is always an irreparable injury."

*United Church of the Medical Ctr. v. Medical Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir.1982); *cf. Brown v. Artery Organ., Inc*. 654 F.Supp. 1106, 1118-19 (D.D.C.1987) (wrongful eviction constitutes irreparable harm because of relocation costs, difficulty in commuting from a new location, additional time needed, potentiality for homelessness).

Plaintiff seeks to extend the redemption period in this case. The State Court issued a temporary restraining order on July 9, 2013, enjoining the expiration of the redemption period until the parties could be heard on the merits and scheduled a show cause hearing for July 15, 2013. This matter was removed and Plaintiff filed the present motion prior to the scheduled show cause hearing. The parties have not yet had the opportunity to be heard on the merits. For the reasons stated in the State Court July 9, 2013 Ex-Part Temporary Restraining Order and Order to Show Cause the Court finds that Plaintiff has met his burden under Rule 65(b). The Court will maintain the status quo until the parties can be heard on the merits.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Emergency Renewed Motion for Temporary Restraining Order **(Doc. No. 2, filed July 12, 2013)** is GRANTED.

IT IS FURTHER ORDERED that the hearing on the Motion for Preliminary

Injunction is scheduled for **August 5, 2013, 2:30 p.m.**


                          S/Denise Page Hood
                          Denise Page Hood
                          United States District Judge

Dated:  July 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2013, by electronic and/or ordinary mail.

                          S/LaShawn R. Saulsberry
                          Case Manager