UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY McDONALD,

    Plaintiff,

                                                                Case No. 13-CV-12993-DT

v.

                                                                HONORABLE DENISE PAGE HOOD

GREEN TREE SERVICING, LLC, et al.,

    Defendants.

_____/

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

**I.**      **BACKGROUND**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. The Court entered an Order granting Plaintiff's Renewed Emergency Motion for a Temporary Restraining Order entered on July 23, 2013. At the preliminary injunction motion hearing, the Court ruled the TRO continued until the resolution of the dispositive motion filed by Defendants.

On July 11, 2013, this matter was removed by Defendants from the Shiawassee County Circuit Court to this District. The Complaint alleges 12-counts involving the foreclosure of Plaintiff's home located in Oakland Street, Durand, Michigan. The matter was assigned to the Honorable Nancy G. Edmunds and reassigned to the

undersigned on July 23, 2013, as a companion case to a previously filed Case No. 12-14456, *McDonald v. Green Tree Servicing, LLC.*, which was dismissed voluntarily by stipulation of the parties. (Doc. No. 6, Case No. 12-14456) When Plaintiff filed the action in State Court, a temporary restraining order was issued, which this Court continued as noted above.

The real property at issue is commonly known as 214 W. Oakland Street, Durand, Michigan, located in the County of Shiawassee. (Comp., ¶ 1) On August 24, 2007, Plaintiff executed a Note and Mortgage with Quicken Loans, Inc. ("Quicken") with the Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee. (Comp., ¶ 9) Plaintiff asserts there was a prearranged agreement for Fannie Mae to purchase and guarantee the loan, pooling the loan with numerous other mortgages, known as an asset-backed security ("ABS"). (Comp., ¶ 10) The mortgage at issue was pooled into an ABS and sold to Holders in 2007; Defendant has admitted to Plaintiff it is not the mortgagee and does not own the loan at issue. (Comp., ¶¶ 12-13)

Plaintiff claims Defendant misrepresented to Plaintiff that Defendant would modify Plaintiff's loan through the Home Affordable Modification Program ("HAMP") or other loan modification, but only if Plaintiff were to fall behind in his payments, which at that time he was not. (Comp., ¶ 22) Plaintiff agreed to comply with the process and stopped making payments on the account, not knowing that the

entire modification application process was an act of fraud and that it was meant to force Plaintiff into default, at which time Defendant could foreclose and take a bailout. (Comp., ¶ 23) Plaintiff asserts he was qualified for modification under HAMP. (Comp., ¶ 24) Plaintiff went through the process known as "Paperwork Hell" where the loan servicer throws drowning homeowners an anchor, but continuously intentionally lying to homeowners over months and years, indicating the loan servicers have not received paperwork, where in fact they have received the paperwork. (Comp., ¶ 28) Defendant eventually denied Plaintiff the loan modification and Defendant initiated foreclosure proceedings. (Comp., ¶¶ 34, 40) Plaintiff asserts Defendant hired the nationally disgraced robo-signing firm of Nationwide Title Clearing ("NTC") to fix the documentation involved in the ABS loans. (Comp., ¶¶ 43-44) The assignment of the mortgage in this case was recorded on July 8, 2012, which Plaintiff asserts was forged by NTC robo-signers. (Comp., ¶ 47)

Plaintiff asserts that despite his right to participate in the statutory modification process under MCL § 600.3205 *et seq.*, the foreclosing firm refused to place a 90 day hold on Plaintiff's file and a sheriff's sale was scheduled for October 3, 2012. (Comp., ¶¶ 62-63, 70) Plaintiff filed its first lawsuit and obtained a temporary restraining order. (Comp., ¶ 71) The parties thereafter reached an agreement and the

first lawsuit was dismissed. (Comp., ¶ 73)

Plaintiff was sent a financial package to be completed for a loan modification review, which was returned to Defendant's counsel. (Comp., ¶ 74) Plaintiff's counsel waited for the results of the review and did not hear anything further from Defendant's counsel. (Comp., ¶ 75) Plaintiff's counsel sought the status of the review by email to defense counsel on May 15, 2013. (Comp., ¶ 75) On July 3, 2013, Plaintiff's counsel was shocked to learn that the property had already been sold at a Sheriff's sale on January 9, 2013, and that the redemption period was set to expire on July 9, 2013, within 24 hours of the filing of the instant Complaint before the State Court. (Comp., ¶ 77) Plaintiff alleges the following against Defendants in his Complaint:[1] Declaratory/Injunctive Relief-Foreclosure Without Record Chain of Title in violation of MCL § 600.3204(1) & (3) (Count 1); Statutory/Declaratory/Injunctive Relief Foreclosure in violation of MCL §§ 600.3204(4) and 600.3205a-c (Count 2); Tortious Interference with Contractual Relations (Count 3); Civil Conspiracy (Count 4); Declaratory Relief-Unclean Hands (Count 5); Michigan's Regulation of Collection Practices Act (Count 6); Breach of Contract (Count 7); Intentional Fraud (Count 8); Constructive Fraud (Count 9); Michigan Fair Debt Collection Practices Act (Count 10); Declaratory Relief Regarding Defendants' Failure to Comply with the Condition

---

[1] Plaintiff filed an Amended Complaint on August 14, 2013 after this motion was filed.

Precedent under the Code of Federal Regulations (Count 11); and, Accounting (Count 12).

## II. ANALYSIS

### A. Preliminary Injunction Standard

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed. R. Civ. P. 65(a): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). The first factor is the most critical inquiry of the four criteria. *Mason County Med. Ass'n v. Knebel,* 563 F.22d 256, 261 (6th Cir. 1977). In making its determination the "district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 399 (6th Cir. 1997).

### B. Likelihood of Plaintiff's Success on the Merits

In this case, Plaintiff has alleged several counts involving the Sheriff's sale which occurred in January 2013. However, based on the factual allegations in the Complaint, it appears that Plaintiff is essentially asserting that Defendants failed to properly review his loan modification packet after the parties agreed to the dismissal of the first lawsuit. The Complaint seems to allege that defense counsel did not update Plaintiff's counsel as to the status of the loan modification. It was only after Plaintiff's counsel's request as to the status of the loan modification that Plaintiff and his counsel learned that the property was sold at a Sheriff's sale in January 2013, which Plaintiff claims he has no notice of such sale.

In response, Defendants assert that Plaintiff failed to produce the documentation necessary for the review and that is the reason why the Sheriff's sale was held on January 9, 2013. Defendants argue it followed all the rules and procedures resulting in the Sheriff's sale.

Plaintiff replies that Plaintiff and counsel were never given any notice of the status of the loan modification review and/or the Sheriff's sale. Plaintiff claims that defense counsel is attempting to "game" the legal system by failing to notify Plaintiff and his counsel as to the status of the loan modification, from going forward with the Sheriff's sale, by removing the instant action, without noting a previously-filed case in its notice of removal in violation of E.D. Mich. LR 83.11, and by removing the

action in order to avoid show cause hearings before the State Court.

In his motion, Plaintiff seeks to extend the redemption period in this case based on the Sheriff's Deed attached to the Notice of Removal is dated January 9, 2013, which means that the redemption expired July 9, 2013, six months after the Sheriff's Deed was issued. M.C.L. §§ 600.3240(8) and 600.3236. Michigan cases hold that the time provided by statute for redemption may be extended by agreement of the parties. *Keybank Nat'l Ass'n v. Ameriquest Mortg. Co.,* 2004 WL 1057814, at * 4 (Mich. App. May 11, 2004). No agreement has been entered between the parties to extend the redemption period.

In this case, based on the Verified Complaint, Plaintiff asserts that the first lawsuit was dismissed because the parties agreed Defendants would review Plaintiff's loan modification request. Plaintiff claims that Defendants never updated Plaintiff nor his counsel as to the status of the loan modification request. It was not until Plaintiff's counsel inquired as to the status of the loan modification request that he was told in July 2013 that the property was sold in January 2013. Defendants do not dispute these factual allegations in the Verified Complaint in its response to the Motion for Preliminary Injunction. Because the parties agreed to dismiss the first lawsuit in order for review of a loan modification request and Defendants have not rebutted Plaintiff's factual allegations that he was not updated as to the status nor notified of the Sheriff's

sale in January 2013, Plaintiff has shown that he may be able to prevail on violation of foreclosure/loan modification procedures. Defendants submitted a copy of the Mortgage, the Assignment of Mortgage and the Sheriff's Deed to their response. Defendants do not set forth any facts as to what occurred after the dismissal of the first lawsuit and its review of Plaintiff's loan modification request, if any such review occurred. A party is not required to prove his case in full at a preliminary injunction hearing and such findings by the court are not binding at trial on the merits. *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). If a plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and for more deliberate investigation, this is sufficient for issuance of a preliminary injunction. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 535, 543 (6th Cir. 2007). Defendants filed a Motion to Dismiss or for Summary Judgment on July 24, 2013. The Court will review the merits of each count alleged as to what occurred between the dismissal of the first lawsuit and the Sheriff's sale in January 2013. At this time, Plaintiff has raised a sufficient claim that as to whether the Sheriff's sale was proper in light of the parties' agreement to hold in abeyance the Sheriff's sale pending a loan modification review.

    **C.    Irreparable Injury**

It is well settled that a plaintiff's harm is not irreparable if it is fully

compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992); *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 579 (6th Cir. 2002). An injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Basicomputer,* 973 F.2d at 511-512. Generally, because a piece of real property is unique, its loss has been considered irreparable injury. As the Seventh Circuit has noted, "[i]t is settled beyond the need for citation ... that a given piece of property is considered to be unique, and its loss is always an irreparable injury." *United Church of the Medical Ctr. v. Medical Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir.1982); *cf. Brown v. Artery Organ., Inc*. 654 F.Supp. 1106, 1118-19 (D.D.C.1987) (wrongful eviction constitutes irreparable harm because of relocation costs, difficulty in commuting from a new location, additional time needed, potentiality for homelessness).

In this case, a piece of real property is at issue. Plaintiff has alleged in his Verified Complaint he as never updated on the status of his loan Modification after the dismissal of the first lawsuit and had no notice of the Sheriff's sale in January 2013, until his counsel was notified in July 2013 of the sale. Taken this assertion for purposes of this preliminary injunction motion as true, Plaintiff would suffer irreparable harm from not having the six month redemption period to redeem the

property, if such Sheriff's sale was properly set in January 2013.

### D.     Harm to Others and Public Interest

The Court finds there is no harm to others if the preliminary injunction was issued.  The Defendants are not harmed, especially if Defendants failed to properly advise Plaintiff of the status of his loan modification after the first lawsuit was dismissed by agreement of the parties and Plaintiff had no notice of the Sheriff's sale. The public interest weighs in Plaintiff's favor because the parties agreed that Defendants would review Plaintiff's loan modification request in exchange for the dismissal of Plaintiff's first lawsuit.

Weighing the factors noted above, the Court finds the Preliminary Injunction is appropriate pending the Court's review of the merits of the claims.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction (**Doc. No. 2**) is GRANTED. Defendants are enjoined from taking any further action against the property and proceeding in any eviction proceedings against Plaintiff until the resolution of this matter.


                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: November 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2013, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager