## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFREY McDONALD,

     Plaintiff,

                                Case No. 13-12993

v.

                          HONORABLE DENISE PAGE HOOD

GREEN TREE SERVICING, LLC, et al.,

     Defendants.

_____/

## ORDER GRANTING AMENDED MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT, ORDER DENYING MOTION TO SET ASIDE THE SHERIFF'S SALE, ORDER MOOTING MOTION TO STAY DISCOVERY AND ORDER DISMISSING ACTION

## I.     BACKGROUND

On July 11, 2013, this matter was removed by Defendants from the Shiawassee County Circuit Court to this District. The Complaint alleges 12-counts involving the foreclosure of Plaintiff's home located in Oakland Street, Durand, Michigan. The matter was assigned to the Honorable Nancy G. Edmunds and reassigned to the undersigned on July 23, 2013, as a companion case to a previously filed Case No. 12-14456, *McDonald v. Green Tree Servicing, LLC.*, which was dismissed voluntarily by stipulation of the parties. (Doc. No. 6, Case No. 12-14456) When Plaintiff filed the

action in State Court, a temporary restraining order was issued, which this Court continued.  The parties agreed to review Plaintiff's loan modification application and that no action would be taken on the property until the decision on the loan modification application.  On October 29, 2013, Plaintiff filed a Motion to Set Aside the Sheriff's Sale, claiming that Plaintiff was not told his loan modification was not approved or notified that the sheriff's sale would go forward.

The real property at issue is commonly known as 214 W. Oakland Street, Durand, Michigan, located in the County of Shiawassee.  (Am. Comp., ¶ 1)  On August 24, 2007, Plaintiff executed a Note and Mortgage with Quicken Loans, Inc. ("Quicken") with the Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee.  (Am. Comp., ¶ 9)  Plaintiff asserts there was a prearranged agreement for Fannie Mae to purchase and guarantee the loan, pooling the loan with numerous other mortgages, known as an asset-backed security ("ABS").  (Am. Comp., ¶ 10)  The mortgage at issue was pooled into an ABS and sold to Holders in 2007; Defendant admitted to Plaintiff it is not the mortgagee and does not own the loan at issue.  (Am. Comp., ¶¶ 12-13)

Defendants misrepresented to Plaintiff that Defendant would modify Plaintiff's loan through the Home Affordable Modification Program ("HAMP") or other loan modification, but only if Plaintiff were to fall behind in his payments.  At that time

Plaintiff was not behind in his payments.  (Am. Comp., ¶ 22)  Plaintiff agreed to comply with the process and stopped making payments on the account, not knowing that the entire modification application process was an act of fraud and that it was meant to force Plaintiff into default, at which time Defendant could foreclose and take a bailout.  (Am. Comp., ¶ 23)  Plaintiff asserts he was qualified for modification under HAMP.  (Am. Comp., ¶ 24)  Plaintiff went through the process known as "Paperwork Hell" where "*the loan servicer throws drowning homeowners an anchor*, but continuously intentionally lying to them, over a period of months or even years, indicating that they have not received paperwork required to review the loan for modification, when they have in fact received all of the necessary paperwork. " (Am. Comp., ¶ 28)  Defendant eventually denied Plaintiff the loan modification and Defendant initiated foreclosure proceedings.  (Am. Comp., ¶¶ 34, 40)  Plaintiff asserts Defendant hired the nationally disgraced robo-signing firm of Nationwide Title Clearing ("NTC") to fix the documentation involved in the ABS loans.  (Am. Comp., ¶¶ 43-44)  The assignment of the mortgage in this case was recorded on July 8, 2012, which Plaintiff asserts was forged by NTC robo-signers.  (Am. Comp., ¶ 47)

Plaintiff asserts that despite his right to participate in the statutory modification process under MCL § 600.3205 *et seq.*, the foreclosing firm refused to place a 90 day hold on Plaintiff's file and a sheriff's sale was scheduled for October 3, 2012.  (Am.

Comp., ¶¶ 62-63, 70)  Plaintiff filed its first lawsuit and obtained a temporary restraining order.  (Am. Comp., ¶ 71)  The parties thereafter reached an agreement and the first lawsuit was dismissed.  (Am. Comp., ¶¶ 73, 75)

Plaintiff was sent a financial package to be completed for a loan modification review, which was returned to Defendant's counsel.  (Am. Comp., ¶ 76)  Plaintiff's counsel waited for the results of the review and did not hear anything further from Defendant's counsel.  (Am. Comp., ¶ 77)  Plaintiff's counsel sought the status of the review by email to defense counsel on May 15, 2013.  (Am. Comp., ¶ 78)  On July 3, 2013, Plaintiff's counsel was shocked to learn that the property had already been sold at a Sheriff's sale on January 9, 2013, and that the redemption period was set to expire on July 9, 2013, within 24 hours of the filing of the instant Complaint before the State Court.  (Am. Comp., ¶ 80)

Plaintiff alleges the following against Defendants:  Declaratory/Injunctive Relief-Foreclosure Without Record Chain of Title in violation of MCL § 600.3204(1) & (3) (Count 1); Statutory/Declaratory/Injunctive Relief Foreclosure in violation of MCL §§ 600.3204(4) and 600.3205a-c (Count 2); Declaratory Relief Regarding Defendants' Failure to Comply with the Condition Precedent under the Code of Federal Regulations (Count 3); Tortious Interference with Contractual Relations (Count 4); Civil Conspiracy (Count 5); Breach of Contract (Count 6); Intentional

4

Fraud (Count 7); Constructive Fraud (Count 8); Michigan's Regulation of Collection

Practices Act (Count 9); Michigan's Occupational Code (Count 10); and, Accounting

(Count 11).

This matter is before the Court on Defendants' Amended Motion to Dismiss

and/or for Summary Judgment.  Response and reply briefs were filed and a hearing

held.  Plaintiff also filed a Motion to Set Aside the Sheriff's Sale.  Response and reply

briefs have been filed as to the Motion to Set Aside the Sheriff's Sale.

## II.   <u>ANALYSIS</u>

### A.   **Standard of Review**

Rule 12(b)(6) of the Rules of Civil Procedure  provides for a motion to dismiss

based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court

explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.]  Factual allegations must be enough to

raise a right to relief above the speculative level...." *Id.* at 555 (internal citations

omitted).  Although not outright overruling the "notice pleading" requirement under

Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best

forgotten as an incomplete negative gloss on an accepted pleading standard."  *Id.* at

5

563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681  (2009).  In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief.  *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

7

**B.    Chain of Title/Assignment of Mortgage (Count 1)**

Defendants argue that Plaintiff lacks standing to challenge the assignment of the mortgage from MERS to Green Tree because the documents were "robo-signed" and that no record chain of title existed at the scheduled sheriff's sale in violation of MCL 600.3304.  Plaintiff responds that recently, Michigan courts have recognized that litigants such as Plaintiff have standing to challenge the assignments of mortgages or the lack thereof, citing, *Kim v. JP Morgan Chase Bank, N.A.,* 493 Mich. 98 (2012) and *Sobh v. Bank of Am., N.A.,* 2013 Mich. App. LEXIS 993, at *2 (Mich. App. June 6, 2013).  Defendants reply that the cases cited by Plaintiff, *Kim* and *Sobh*, do not stand for the proposition that a litigant has standing to challenge assignments of mortgages.  Defendants argue that these cases hold that a litigant has standing to sue if the statutory requirements are not met regarding recording the assignment of the mortgage prior to a sheriff's sale.

In *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 399 Fed. Appx. 97, 102 (6th Cir. 2010), the Sixth Circuit held that a litigant who is not a party to an assignment lacks standing to challenge the assignment.  Plaintiff is not a party to the assignment, therefore lacks standing to challenge the assignment.  The cases cited by Plaintiff, *Kim* and *Sobh* are not applicable based on the Sixth Circuit's holding in *Livonia Properties*.

8

A litigant does have standing to challenge whether an assignment of mortgage exists to evidence chain of title, but such inquiry is limited to the documents recorded with the register of deeds. Defendants in this case submitted documentary evidence that the assignment of the mortgage was recorded with the register of deeds. Plaintiff does not dispute, nor has he submitted any other evidence to the contrary. Plaintiff lacks standing to bring a claim challenging the assignment or a claim that the assignment was not properly recorded and Count 1 must be dismissed.

### C.      Foreclosure/Modification (Count 2)

Defendants allege that the modification statute, MCL § 600.3205a-d, was not violated since the foreclosing entity was not contacted by Plaintiff. They argue that their duties under the statute are triggered only when Plaintiff contacts the foreclosing firm and that Plaintiff has failed to submit any evidence that he contacted the firm in compliance with the statute. Plaintiff claims that he has alleged that he contacted the foreclosing firm, therefore Defendants are not entitled to judgment under this claim. Plaintiff further asserts that based on their prior negotiations in the first case, any foreclosure action by Defendants violated the statute.

Court have held that where a defaulted mortgagor failed to follow the requirements under the statute, MCL § 600.3205a-c, the mortgagor cannot challenge a foreclosure based on the foreclosing party's failure to comply with statute. *See,*

9

*Talton v. BAC Home Loans Servicing LP,* 839 F.Supp.2d 896, 909 (E.D. Mich. 2012). Defendants have submitted documentation that Plaintiff was sent notification regarding a loan modification opportunity. Plaintiff does not dispute that such notice was sent. The affidavit attached to the Sheriff's Deed provides that no one was contacted to set up a meeting to modify the mortgage within the required time period set forth in MCL § 600.3205a(1)(d). (Motion, Ex. 5)

Plaintiff asserts that his verified Amended Complaint creates a genuine issue of material fact that he contacted the firm within the number of days required to set up a meeting to discuss any modification requirements. (Am. Comp., ¶ 61) Only a verified complaint signed under penalty of perjury pursuant to 28 U.S.C. § 1746 carries the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop,* 530 F.3d 407, 414 (6th Cir. 2008). Plaintiff's "verified" Amended Complaint is signed by Plaintiff, but is not signed "under penalty of perjury" as required by 28 U.S.C. § 1746 and the Sixth Circuit case, *El Bey.* Plaintiff's assertion in his Amended Complaint that he contacted the firm within the number of days required in the statute does not create a genuine issue of material fact.

Plaintiff also asserts he requires discovery as to the identity of who he contacted and the date of such contact. However, such information is required to be alleged in the complaint since Plaintiff claims a violation of the statute. Such information was

within Plaintiff's knowledge. Defendants have submitted an affidavit attached to the Sheriff's Deed that Plaintiff did not request a modification. It is noted that in their reply, Defendants submitted that after the first lawsuit was dismissed, defense counsel emailed Plaintiff's counsel regarding the missing income documentation and subsequently requested further clarification as to Plaintiff's source of income. (Def. Rep., Exs. 1, 2) The November 28, 2012 sheriff's sale was adjourned at Plaintiff's counsel request to January 9, 2013. Plaintiff's counsel had notice regarding this date. (Def. Rep., Ex. 3)   Defense counsel on December 11, 2012 indicated he would respond to the additional documentation requested, but defense counsel never received a further response from Plaintiff's counsel. (Def. Rep., Ex. 2) The sheriff's sale on January 9, 2013 proceeded.

The negotiations regarding modification between the parties held after the first lawsuit was filed is evidence that Defendants attempted to give Plaintiff another opportunity to modify his loan. But Plaintiff did not submit the appropriate documentation required by Defendants. It is noted that under Rule 56, any party may file a motion for summary judgment at any time. Fed. R. Civ. P. 56(b). Discovery will not further reveal when and who Plaintiff contacted in light of the affidavit attached to the Sheriff's Deed and because such information is within Plaintiff's knowledge. Plaintiff's claim that Defendants violated MCL§ 600.3205a-d as alleged

11

in Count 2 must be dismissed.

### D.    Condition Precedent (Count 3)

Defendants argue that Plaintiff lacks standing to assert a claim that Defendants failed to meet conditions precedent imposed by the mortgage and note in violation of 24 CFR 203.604, a regulation of the Department of Housing and Urban Development ("HUD").  Plaintiff asserts he has stated a claim under the HUD regulations since he asserts that the HUD regulations were incorporated into the mortgage.  One of the regulations Plaintiff argues was violated is the requirement that the mortgagee must have a face to face interview with the mortgagor before three full monthly installments due on the mortgage become unpaid.

Courts have held that there is no private cause of action to enforce HUD regulations, specifically HUD mortgage servicing policies.  *Fed. Nat'l Mortg. Ass'n v. LeCrone,* 868 F.2d 190, 193 (6th Cir. 1989); *Talton v. BAC Home Loan Servicing, LP,* 839 F.Supp.2d 896, 910 (E.D. Mich. 2012).  Plaintiff has not cited to any statute or regulation which gives a borrower a cause of action to enforce HUD regulations. Plaintiff's condition precedent claim in Count 3 must be dismissed for failure to state a claim upon which relief may be granted.

### E.    Tortious Interference with Contractual Relations (Count 4)

Defendants argue that Plaintiff fails to state a claim of tortious interference with

contractual relations with his original lender, Quicken Loans.  Plaintiff responds that he has stated such a claim.

To establish a claim for tortious interference of a business relationship in Michigan, a plaintiff must show: 1) the existence of a valid business relationship or expectancy; 2) knowledge of the relationship or expectancy on the part of the defendant; 3) intentionally causing or inducing a breach or termination of the relationship or expectancy; and 4) resultant actual damage. *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan,* 217 Mich. App. 687, 698-99 (1997).  A plaintiff is required to allege that a defendant acted with malice and the actions were unjustified in law for the purpose of invading the contractual rights or business relationship of another.  *Feldman v. Green,* 138 Mich. App. 360 (1984). A plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive or interference.  *BPS Clinical,* 217 Mich. App. at 699.  Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference.  *Id.*

A review of the Amended Complaint shows that Plaintiff failed to state a claim under this count.  Plaintiff does not allege that Defendant Green Tree Servicing acted in any way to interfere with Plaintiff making payments under the mortgage to his original lender, or to the servicing firm.  Defendants submitted evidence that there was

a proper assignment of the mortgage, therefore there can be no interference with any business relationship between Plaintiff and the original lender.  Count 4 must be dismissed for failure to state a claim upon which relief may be granted.

### F.    Civil Conspiracy (Count 5)

Defendants argue that Plaintiff failed to state a claim of civil conspiracy, between the Trustee and Defendants, to rush a foreclosure action against Plaintiff. Plaintiff responds that he has made a sufficient civil conspiracy claim in his Amended Complaint.

In order establish a Section 1985(3) federal civil conspiracy claim, a plaintiff must establish:  1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and 3) an act in furtherance of the conspiracy; 4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.  *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).  A civil conspiracy claim in Michigan must allege:  1) a concerted action; 2) by a combination of two or more persons; 3) to accomplish an unlawful purpose; 4) or a lawful purpose by unlawful means. *Ahlers v. Schebil,* 188 F.3d 365, 374 (6th Cir. 1999).  A civil conspiracy, by itself, is not a cognizable claim but is defined by the tort that constitutes the underlying theory of liability.  *Roche v. Blair,* 305 Mich. 608 (1943).

14

In this case, the Amended Complaint fails to allege the specific agreement or concerted action between all the Defendants that are unlawful. Because Plaintiff's claims of fraud noted below fails to state a claim, Plaintiffs' civil conspiracy claim must also fail. The conspiracy claim in Count 5 must be dismissed.

### G.     Breach of Contract (Count 6)

Defendants move to dismiss the breach of contract claim because it is not actionable. Defendants argue that it was Plaintiff who first breached the mortgage contract by failing to make payments. Plaintiff responds that Defendant Green Tree instructed Plaintiff to default on the Mortgage in order to qualify for a loan modification.

A plaintiff must establish the following to state a breach of contract claim: 1) that the parties entered into a valid enforceable contract that included the terms and conditions claimed by plaintiff; 2) that the defendant breached the contract; and, 3) that the defendant's breach caused a loss to the plaintiff. *Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277 (W.D. Mich. 1986); *Pittsburgh Tube Co. v. Tri-Bend, Inc.*, 185 Mich. App. 581 (1990). In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties. *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000). The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself. *Id.* If the intent is clear from

15

the language of the contract itself, there is no place for further construction or interpretation of the agreement. *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999). A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense." *Mich. Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81 (1994). Unambiguous contract provisions are not subject to interpretation and must be enforced as written. *Id.*

In this case, Plaintiff has not sufficiently alleged how Defendants breached the mortgage since it is Plaintiff's duty under the mortgage to make payments. Although Plaintiff alleges essentially that Defendant Green Tree instructed him to breach the mortgage agreement, this allegation does not go to the elements required to meet a breach of contract claim. Plaintiff has not sufficiently alleged a breach of contract claim in Count 6 and such claim must be dismissed.

### H.   Intentional Fraud (Count 7) and Constructive Fraud (Count 8)

Defendants assert that the fraud claims must be dismissed for failure to state a claim. In response, Plaintiff argues he has set forth a factual basis for fraud and constructive fraud claims against Defendants, specifically that Defendant Green Tree lied to and otherwise defrauded Plaintiff by informing him the only way to fully qualify for a modification is to intentionally fall behind on the mortgage.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the

time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). A review of the Complaint shows Plaintiff has failed to allege the specific statements made by Defendant Green Tree representatives, the time and place of such statements, the fraudulent scheme involved and the fraudulent intent of the Defendant Green Tree. Plaintiff's fraud claims in Counts 7 and 8 fail to meet the requirements under Rul 9(b) with sufficient specificity and such claims must be dismissed.

## I.    Michigan's Regulation of Collection Practices Act (Count 9)

Defendants argue that Plaintiff's claims under Count 9 fail to set forth any allegations that Defendants attempted to collect anything owing on Plaintiff's mortgage debt in that a statutorily authorized foreclosure and sheriff's sale do not amount to a claim under Michigan's Regulation of Collection Practices Act. Plaintiff does not respond to this argument.

The Regulation of Collection Practices Act prohibits "harassing, oppressive, or abusive methods to collect a debt." MCL § 445.252(n). Once a default under a mortgage and a note is established, Michigan authorizes foreclosures by advertisement followed by a sheriff's sale. MCL §§ 600.3208, 600.3212, 600.3216, 600.3220. Courts have held that foreclosure actions and sheriff's sale pursuant to a statute do not

constitute harassing, oppressive, or abusive collection methods under the Act. *Bolone v. Wells Fargo Home Mortgage, Inc.,* 858 F. Supp. 2d 825, 837-38 (E.D. Mich. 2012). Plaintiff's claim under Count 9 must be dismissed.

### J. Michigan's Occupational Code (Count 10)

Defendants seek to dismiss Plaintiff's claims under Michigan's Occupational Code, MCL § 339.918, claiming that Plaintiff fails allege facts to support his claims. Defendants further argue that the Occupational Code does not apply to mortgage foreclosures. Plaintiff also does not respond to this argument.

Michigan's Occupational Code applies only to a "collection agency," which is defined as "a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another." MCL § 339.901(b). MCL § 339.901(b) exempts entities whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency and is collecting its own debt. MCL § 339.901(b)(ii). The Occupational Code is not applicable to a bank's actions as owner of the indebtedness and in the operation of its own business as a loan servicer. *Hewitt v. Bank of America,* 2013 WL 3490668 (W.D. Jul. 11, 2013). The Occupational Code does not apply to Plaintiff's claim in Count 10 and must be dismissed.

### K. Accounting (Count 11)

18

Defendants move to dismiss the accounting claim in Count 11 arguing that there exists an enforceable contract between the parties and accounting is not applicable as an equitable remedy. Plaintiff responds that the equitable remedy of accounting is available to him because it was Defendant Green Tree who instructed Plaintiff to default which resulted in irregularity in the foreclosure proceedings and subsequent sheriff's sale.

An action for accounting seeks an equitable remedy. *Boyd v. Nelson Credit Centers, Inc.,* 132 Mich. App. 774, 779-80 (1984). An accounting is an extraordinary equitable remedy and is only available when legal remedies are inadequate. *Bradshaw v. Thompson,* 454 F.2d 75, 79 (6th Cir. 1972). Where the action is for a specific amount due under a contract, accounting is not available. *Boyd,* 132 Mich. App. at 779. To sustain a bill for an accounting, there must be mutual demands, a series of transactions on one side and payments on the other. *Id.* Where all the items are on one side, there can be no accounting. *Id.* If discovery can reveal the amount of damages, an accounting is not available. *Cyril J. Burke, Inc., v. Eddy & Co.,* 332 Mich. 300, 303 (1952).

In this case, Plaintiff seeks a breach of contract claim and damages as a result of the breach. Any damages Plaintiff may have as a result of Defendants' action as to any breach of a contract or from any foreclosure proceedings are amounts which

19

could be obtained through discovery. Plaintiff has not alleged that mutual demands were made as to a series of transactions between the parties. Plaintiff is not entitled to the equitable remedy of accounting as to his claims. Count 11 must be dismissed.

### L.      Redemption Period/Plaintiff's Motion to Set Aside Sheriff's Sale

Defendants seek dismissal of the action asserting that Plaintiff's interest in the property at issue has been extinguished since the statutory redemption period has passed. Plaintiff responds that because of the irregularities in the foreclosure process and the fraud committed by Defendants, Plaintiff continues to have standing to challenge the foreclosure proceedings and moves to set aside the sheriff's sale. Plaintiff cites a case which was before the undersigned to support his argument, *Chalmers v. JP Morgan Chase Bank,* 2012 WL 4839861 (E.D. Mich. Oct. 11, 2012).

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Goryoka v. Quicken Loan, Inc.,* 2013 WL 1104991, * 1 (6th Cir. Mar. 18, 2013)(citing, *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)). "The right to redeem from a foreclosure sale is a statutory right that ... can neither be enlarged nor abridged by the courts." *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing,* 2012 WL 5869918, * 5 (6th Cir. Nov.

20, 2012)(quoting *Detroit Trust Co. v. Detroit City Serv. Co.,* 262 Mich. 14 (1933)).

Filing of a lawsuit does not toll the redemption period and once that period expired,

the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009

WL 1507342 at *1. A court may consider equitable remedies only if there is a clear

showing of fraud or irregularity *as to the foreclosure proceeding itself*, and not simply

as to any conduct by a defendant. *Houston,* 2012 WL 5869918 at *5 (citing, *Freeman*

*v. Wozniak,* 241 Mich. App. 633 (2000)). Michigan's foreclosure by advertisement

scheme was meant to impose order on the foreclosure process while still giving

security and finality to purchasers of foreclosed properties. *Conlin v. Mortg. Elec.*

*Registration Sys., Inc.,* 714 F.3d 355, 359 (6th Cir. 2013). A plaintiff must make two

showings to set aside a foreclosure action, the first being a strong case of fraud or

irregularity relating to the foreclosure proceedings itself and that the plaintiff suffered

prejudice by the defendant's failure to comply with the statute, M.C.L. § 600.3204.

*Id.* at 360; *Sweet Air Inv., Inc. v. Kenney,* 739 N.W.2d 656, 659 (Mich. Ct. App.

2007); *Kim v. JP Morgan Chase Bank, N.A.,* 825 N.W.2d 329, 339 (Mich. 2012).

Here, as noted above, Plaintiff has not shown a strong case of fraud or

irregularity relating to the foreclosure proceedings itself or that Plaintiff suffered

prejudice by the Defendants' failure to comply with the statute. Plaintiff's theories,

including "robo-signed" documents and assignments, have been found not to support

a claim of fraud or irregularity sufficient to set aside a foreclosure action. *Conlin,* 714 F.3d at 362. The redemption period expired on July 9, 2013, which was six months after the Sheriff's Deed was issued. M.C.L. §§ 600.3240(8) and 600.3236. Michigan cases hold that the time provided by statute for redemption may be extended by agreement of the parties. *Keybank Nat'l Ass'n v. Ameriquest Mortg. Co.,* 2004 WL 1057814, at * 4 (Mich. App. May 11, 2004). No such agreement has been entered between the parties. The Court is without authority to extend the redemption period since Plaintiff has not shown a strong case of fraud or irregularity in the foreclosure proceedings. The case cited by Plaintiff, *Chalmers*, is not applicable since the plaintiff in *Chalmers* did not challenge the foreclosure action or seek to have the sheriff's sale set aside. Plaintiff's claim to set aside the foreclosure action and resulting sheriff's sale must be denied. Because the redemption period has expired in this case, Plaintiff's interest in the property at issue has been extinguished. Plaintiff's Amended Complaint must be dismissed.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Amended Motion to Dismiss or in the Alternative Motion for Summary Judgment (**Doc. No. 14**) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Set Aside the Sheriff's

Sale **(Doc. No. 20)** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Discovery **(Doc. No. 25)** is MOOT.

s/Denise Page Hood_____
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated:  March 27, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 27, 2014, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry_____
Case Manager, (313) 234-5165

23